IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

HARVEY PATRICK SHORT,

       Petitioner,

v.                               Case No. 2:09-cv-01097

ADRIAN HOKE, Warden,
Huttonsville Correctional Center[1],

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 8, 2009, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1), and an Application to Proceed Without Prepayment of Fees and Costs (# 2), filed by Harvey Patrick Short (hereinafter "Petitioner"). The above-referenced civil action was opened to address this motion. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism

---

[1] The Clerk is directed to modify the docket sheet to reflect the correct name of Petitioner's custodian.

and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA

provides, in part, that:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or law of the United States is removed, if
> the applicant was prevented from filing by such State
> action;
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review;
> or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through
> the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

> Section 2254 of Title 28 provides, in pertinent part:
>
> (b)(1) An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment of
> a State court shall not be granted unless it appears that
> –
>> (A) the applicant has exhausted the remedies
>> available in the courts of the State . . . .

2

> (c) An applicant shall not be deemed to have exhausted
> the remedies available in the courts of the State, within
> the meaning of this section, if he has the right under
> the law of the State to raise, by any available
> procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. <u>See</u>
<u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v.</u>
<u>Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997).  Where a petitioner has
failed to exhaust his state court remedies, the federal petition
should be dismissed.  <u>McDaniel v. Holland</u>, 631 F. Supp. 1544, 1545
(S.D. W. Va. 1986)(citing <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 477
(1973)).

In West Virginia, prisoners may exhaust their available state
court remedies either by stating cognizable federal constitutional
claims in a direct appeal, or by stating such claims in a petition
for a writ of habeas corpus in a state circuit court pursuant to
West Virginia Code ' 53-4A-1, followed by filing a petition for
appeal from an adverse ruling in the SCAWV. <u>Moore v. Kirby</u>, 879 F.
Supp. 592, 593 (S.D. W. Va. 1995); <u>McDaniel v. Holland</u>, 631 F.
Supp. at 1545.  A prisoner may also exhaust the state court
remedies by filing a petition for a writ of habeas corpus filed
under the original jurisdiction of the SCAWV. However, an original
jurisdiction petition that is denied without an indication that the
denial is with prejudice following a determination on the merits
will not exhaust the prisoner's state court remedies. <u>See Moore</u>,

879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Therefore, Petitioner must file a section 2254 habeas corpus petition in this federal court within one year of his criminal judgment becoming final, excluding the time that a properly filed petition for post-conviction relief is pending in the state courts, and the claims that are contained in his section 2254 petition must have been fully exhausted in the state courts as described above.

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On March 31, 2008, Petitioner was convicted in the Circuit Court of Kanawha County of Second Degree Robbery. (# 1 at 1). On January 15, 2009, Petitioner was sentenced to 5 to 18 years on the Second Degree Robbery charge. (Id.)

According to the Clerk of the Supreme Court of Appeals of West Virginia, Petitioner filed a Petition for Appeal on June 1, 2009. (State v. Short, No. 090814). According to the Clerk, the Petition for Appeal was refused on October 8, 2009.[2]  In accordance with these dates, the ninety-day time period in which Petitioner could file a Petition for a Writ of Certiorari began to run on October 9,

_____

[2] The undersigned notes that Petitioner executed his petition on October 6, 2009, and filed it in this court on October 7, 2009, before the SCAWV docketed the refusal of his Petition for Appeal.  Thus, Petitioner must have had some advance notice of the refusal.

2009, and is still running.   Accordingly, Petitioner's criminal judgment is not yet final.

Petitioner also filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on June 4, 2009.[3]  No action has occurred in Petitioner's state habeas proceeding.   Because Petitioner still has an opportunity to directly challenge his judgment in the Supreme Court, and because his state habeas proceedings are on-going, he has not properly exhausted his state court remedies, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature. Accordingly, it must be dismissed without prejudice.

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either his direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused.   The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits. A summary refusal of such a petition will not exhaust those claims.

---

[3] Petitioner lists June 1, 2009 as the date of filing of this petition.   However, the undersigned's staff has confirmed that the state habeas petition was docketed by the Circuit Clerk on June 4, 2009.

5

Because the undersigned has not been provided with copies of either Petitioner's Petition for Appeal that was filed with the SCAWV (Case No. 090814), or the Petition for a Writ of Habeas Corpus filed in the Circuit Court of Kanawha County (Case No. 09-MISC-201), the undersigned does not know whether Petitioner has attempted to raise <u>all</u> of the same claims that are raised in his current federal petition in either of those petitions. Petitioner is notified that he must exhaust <u>all</u> of his federal claims through one of these methods before re-filing a section 2254 petition in this court within the statute of limitations.

**<u>RECOMMENDATION</u>**

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2254 petition is premature and that the claims contained therein are unexhausted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition (# 1), without prejudice, and **DENY**, without prejudice, Petitioner's Application to Proceed Without Prepayment of Fees and Costs (# 2).

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections)

and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Faber and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and a copy should be transmitted to Dawn E. Warfield, Deputy Attorney General.

_____October 26, 2009_____              _Mary E. Stanley_
            Date                             Mary E. Stanley
                                             United States Magistrate Judge