```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

HARVEY PATRICK SHORT,

    Plaintiff,

v.                                CIVIL ACTION NO. 2:09-cv-01097

ADRIAN HOKE, Warden,
Huttonsville Correctional Center,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is plaintiff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Standing Order, the action was referred to United States Magistrate Mary E. Stanley for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stanley submitted her Findings and Recommendation to the court on October 26, 2009, in which she recommended that this court dismiss plaintiff's petition under 28 U.S.C. § 2254 without prejudice, deny plaintiff's application to proceed without prepayment of fees and costs without prejudice, and remove the matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge Stanley's Findings and Recommendations. On November 3, 2009, plaintiff

filed objections to the Magistrate Judge's Findings and Recommendation.  On February 5, 2010, and February 23, 2010, he also submitted additional documentation in support of his Petition.  Plaintiff has also filed the following motions:

    (1)    Motion to Excuse Exhaustion of State Court Remedies and to Rule and/or Adjudicate Federal Habeas Corpus (Doc. #9);

    (2)    Motion for Correction of Illegal Sentence (Doc. # 10); and

    (3)    Motion to Declare State Remedies Exhausted (Doc. # 13).

With respect to plaintiff's objections, the court has conducted a <u>de novo</u> review.

On March 31, 2008, plaintiff was convicted in the Circuit Court of Kanawha County of Second Degree Robbery.  On January 15, 2009, he was sentenced to 5 to 18 years.  On June 1, 2009, plaintiff filed a Petition for Appeal which was refused on October 8, 2009.  Mr. Short has not provided a copy of the Petition for Appeal to this court.

On June 4, 2009, plaintiff also filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County which remains pending.  For this reason, Magistrate Judge Stanley recommended that the court find that plaintiff failed to exhaust

his state remedies and dismiss his petition.  In his objections and subsequent motions, plaintiff contends that this court should excuse his failure to exhaust state remedies because "out of racial bias and retaliation, Judge Walker has allowed the state habeas corpus to sit idly on the court's docket. . . ." Objections at p.1.  Plaintiff has also attempted, on several occasions, to file additional Petitions for a Writ of Habeas Corpus in courts other than the Circuit Court of Kanawha County. Those Petitions have been refused because they were filed in the wrong court.

Regarding a petitioner's obligation to exhaust state remedies, the Supreme Court has sent a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Rose v. Lundy, 455 U.S. 509, 520 (1982).  In West Virginia, prisoners in state custody may exhaust their available state court remedies in one of three ways. Rydbom v. Ballard, 2009 WL 305079, *7 (S.D.W. Va. 2009).  They may state their cognizable federal constitutional claims in a direct appeal. Id. In the alternative, they may state the claims in a petition for a writ of habeas corpus in a state circuit court, pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the Supreme Court of Appeals of West

Virginia.  Id.  Finally, a state prisoner also has the option of filing a petition for a writ of habeas corpus under the original jurisdiction of the Supreme Court of Appeals of West Virginia, but only where the claims therein are actually adjudicated on the merits.  Id.  There has been no indication that plaintiff's federal constitutional claims were presented in a direct appeal nor that they were adjudicated on the merits in an original jurisdiction habeas corpus petition filed with the Supreme Court of Appeals of West Virginia.  As stated previously, his Petition for a Writ of Habeas Corpus filed in the Circuit Court of Kanawha County is still pending.

Where, however, "circumstances exist that render such process ineffective to protect the rights of the applicant," a federal court may review unexhausted habeas corpus claims. 28 U.S.C. § 2254(b)(1)(B); see also Ward v. Freeman, 1995 WL 48002, *1 (4th Cir. 1995) ("State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings.").  "Delay only rises to the level of inordinate in extreme cases. . . ." Singleton v. Wynder, 485 F. Supp.2d 602, 605 (E.D. Pa. 2007).  In this case, plaintiff's Petition for a Writ of Habeas Corpus has been pending in the Circuit Court of Kanawha County for little more than a year.  This is not the type of delay in which courts have been willing to excuse the exhaustion requirement.  See id.

at 605-06 (and authorities cited therein). Because the delay in the state court proceedings is not inexcusable or inordinate, plaintiff's state court remedies are not rendered ineffective and he is not excused from his obligation to exhaust his state remedies. Therefore, plaintiff's objections are **OVERRULED** and his Motions to Excuse Exhaustion of State Court Remedies and to Rule and/or Adjudicate Federal Habeas Corpus (Doc. #9) and to Declare State Remedies Exhausted (Doc. # 13) are **DENIED**. His Motion for Correction of Illegal Sentence (Doc. # 10) is also **DENIED**.

For the foregoing reasons, the court adopts the Findings and Recommendations of Magistrate Judge Stanley, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254 without prejudice, **DENIES** plaintiff's application to proceed without prepayment of fees and costs without prejudice, and directs the Clerk to remove the matter from the court's docket.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 18th day of June, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge